1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8
9   Gregory A. Mackey,                    )     No. CV-06-1374-PHX-EHC (LOA)
                                          )
10            Petitioner,                 )     **REPORT AND RECOMMENDATION**
                                          )
11  vs.                                   )
                                          )
12  Dora B. Schriro, et. al,              )
                                          )
13            Respondents.                )
    _____)
14
15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28

16   U.S.C. § 2254.  Respondents have filed an Answer arguing that the Petition should be dismissed

17   as untimely (docket # 10).  Petitioner has not filed a Reply and the deadline has expired.

18             **FACTUAL AND PROCEDURAL BACKGROUND**

19          In 2002, the State of Arizona indicted Petitioner on three counts in case number

20   S2400CR200200712 in the Superior Court for the State of Arizona, Yuma County.

21   (Respondents' Exh. A) On September 24, 2002, Petitioner entered into a written plea agreement

22   pursuant to which he pleaded guilty to one count of burglary in the second degree, a class 3

23   felony, in violation of A.R.S. §§ 13-1507, 13-1501, 13-701, and 13-801.  (Respondents' Exh.

24   A)  The plea agreement provided that the crime "carries a presumptive sentence of 3.5 years;

25   a minimum sentence of 2.5 years; . . . and a maximum sentence of 7 years. . . ."  (Respondents'

26   Exh. A) The parties also stipulated that "the sentence in this case will run concurrent with Yuma

27   County Superior Court Case Numbers S1400CR200200798 and S1400CR200200709." (Id.)

28   On November 14, 2002, the Honorable Tom C. Cole sentenced Petitioner to an aggravated 7-

1   year prison term to be served concurrently with the sentences in the two Yuma Superior Court
2   cases identified in the plea agreement.  (Respondents' Exh. B)

3   ### ***Rule 32 "of-right" Proceeding***

4   By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law.
5   However, he retained his right to seek review in an "of-right proceeding" under Arizona Rule
6   of Criminal Procedure 32.  Ariz.R.Crim.P. 32.1, 32.4.

7   More than two years after he was sentenced, on February 14, 2005, Petitioner filed a
8   notice of review under Ariz.R.Crim.P. 32.  (Respondents' Exhs. C, D)  Petitioner claimed that
9   his aggravated sentence violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely v.</u>
10  <u>Washington</u>, 542 U.S. 196 (2004).  (<u>Id.</u>)  On March 2, 2005, the trial court summarily dismissed
11  Petitioner's untimely petition.  The court also noted that <u>Blakely</u> did not apply to Petitioner's
12  case because he had "at least 2 prior felony convictions at the time of sentencing in this case."
13  (Respondents' Exh. E)

14  On March 29, 2005, Petitioner filed a petition for review by the Arizona Court of
15  Appeals.  On November 8, 2005, the Arizona Court of Appeals denied Petitioner's petition for
16  review.  (Respondents' Exh. F, G)

17  Thereafter, on May 25, 2006, Petitioner filed the pending Petition for Writ of Habeas
18  Corpus alleging that: (1) his aggravated sentence violates the Fifth, Sixth, and Fourteenth
19  Amendments; and (2) he was denied the effective assistance of counsel because counsel failed
20  to object to the "illegal sentence." (docket # 1)

21  ### **ANALYSIS**

22  Respondents assert that the Petition should be dismissed as untimely.  Petitioner has not
23  filed a reply.

24  ## I.  Statute of Limitations

25  On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")
26  went into effect drastically altering the time limit imposed on state prisoners filing habeas
27  corpus petitions in federal court.  Before the AEDPA, virtually no time limit restrained the filing

28

1  of federal habeas petitions.  Calderon v. United States Dist. Court, 128 F.3d 1283, 1286 (9th Cir.

2  1997) (Beeler), cert. denied, 523 U.S. 1, and cert. denied, 523 U.S. 1061 (1998), overruled in

3  part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530, cert.

4  denied, 119 S.Ct. 1377 (1999).  The AEDPA established a one-year period in which to file a

5  petition for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  Because Petitioner

6  filed his Petition after the effective date of the AEDPA, it governs this action.

7      Title 28 U.S.C. § 2244 provides, in pertinent part, that:

8      (D)(1) A 1-year period of limitation shall apply to an application for a writ of
       habeas corpus by a person in custody pursuant to the judgment of a State court.
9
10     The limitation period shall run from the latest of-

11     (A) the date on which the judgment became *final by conclusion of
       direct review* or the expiration of the time for seeking such review.

12  28 U.S.C. § 2244(d)(1)(A)(emphasis added).

13          ***"Final by Conclusion of Direct Review"***

14      To assess the timeliness of Petitioner's Petition for Writ of Habeas Corpus, the Court

15  must first determine the date on which Petitioner's conviction became "final by conclusion of

16  direct review."  28 U.S.C. § 2244(d)(1)(A).  In making this determination, it is significant that

17  by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law.  A.R.S. §

18  13-4033(B).  Petitioner, however, retained the right to seek review in an "of-right" proceeding

19  pursuant to Ariz.R.Crim.P. 32.  Ariz.R.Crim.P. 32.1, 32.4.

20      The Ninth Circuit recently addressed, as a matter of first impression, the question of

21  when the conviction of a pleading defendant in Arizona becomes "final by the conclusion of

22  direct review" for purposes of 28 U.S.C. § 2244(d)(1).  Summers v. Schriro, ___F.3d___, No.

23  05-16650, 2007 WL 738447, * 4 (9th Cir., March 13, 2007). The Ninth Circuit held that an "'of-

24  right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants

25  who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1)."

26  Id. at * 1.  The Summers court explained that "[b]ecause a Rule 32 of-right proceeding is a form

27  of direct review, AEDPA's one-year statute of limitations does not begin to run until the

28                                  - 3 -

1  conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the

2  expiration of the time for seeking such proceeding or review." Id.

3      Prior to Summers, numerous courts had followed Isley in which the Ninth Circuit

4  assumed, without deciding, that an Arizona pleading defendant's conviction becomes final upon

5  sentencing because the guilty plea waives his right to direct appeal.  Isley v. Arizona

6  Department of Corrections, 383 F.3d 1054, 1055 (9th Cir. 2004); Pettijohn v. Schriro, No. CV-

7  06-00948-PCT-NVW (MEA), 2007 WL 162688 (D.Ariz, Jan. 18, 2007); Gutierrez v.

8  McDaniel, No. CV-06-0085-PHX-SRB (JRI), 2006 WL 3449098 (D.Ariz., Nov. 29, 2006);

9  Jones v. Schriro, No. CV-05-3831-PHX-SRB (JRI), 2006 WL 2640618 (D.Ariz. Sept. 13,

10 2006); Bradford v. Schriro, CV-06-0530-PHX-NVW (MEA), 2006 WL 1722310 (D.Ariz. June

11 20, 2006);Levya v. Schriro, No. CV-04-1871-PHX-SRB (JRI), 2006 WL 1620301 (D.Ariz. June

12 7, 2006); Bailey v. Schriro, No. 05-0650-PHX-ROS (JRI) 2006 WL 1543983, * 3 (D.Ariz. June

13 2, 2006); Lusian v. Kimble, No. 05-1399-PHX-DGC (ECV), 2006 WL 1305250 (D.Ariz. May

14 10, 2006).

15     Indeed, Respondents relied on reasoning of Isley in support of their assertion that

16 Petitioner's conviction became final on November 14, 2002, the date on which the trial court

17 entered judgment and sentenced Petitioner.  Respondents also cite Burton v. Stewart, 549 U.S.

18 ___, 127 S.Ct. 793, 798-99 (2007) in support of their assertion that Petitioner's sentence was

19 final upon sentencing.  Respondents misconstrue the Court's statement in Burton.  The Burton

20 Court clarified that the AEDPA limitations period does not begin until both the petitioner's

21 conviction and sentence become final by conclusion of direct review.  Thus, if a petitioner only

22 appeals his sentence, the limitations period does not commence until direct review of the

23 sentencing claims is complete.  Id.  Contrary to Respondents' assertion, the Burton Court did

24 not address the date on which an Arizona pleading defendant's judgment of conviction becomes

25 final on direct review.  After Summers, it is now clear that Petitioner's conviction did not

26 become final on the date of sentencing.  Although Respondents were incorrect in concluding

27

28                                              - 4 -

1    that Petitioner's conviction became final on the date of sentencing, the remainder of their

2    analysis regarding the timeliness of the petition is accurate.

3        Under Summers, because Petitioner pleaded guilty, his conviction became final upon

4    "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the

5    expiration of the time for seeking such proceeding or review." Summers, ___ F.3d___, 2007

6    WL 738447, * 1.  Here, Petitioner pleaded guilty and was sentenced on November 14, 2002.

7    By virtue of his plea, the only avenue of "direct" review was a Rule 32 of-right proceeding.

8    Under Ariz.R.Crim.P. 32, Petitioner had ninety days from the entry of judgment and sentence

9    within which to file a notice of review under Rule 32.  Ariz.R.Crim.P. 32.1, 32.4(a)(stating that

10   "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry

11   of judgment and sentence or within thirty days after the issuance of the final order or mandate

12   by the appellate court in the petitioner's first petition for post-conviction relief proceeding.")

13   Thus, Petitioner had until February 14, 2003 to commence a Rule 32 or-right proceeding.

14   Petitioner did not file a notice of Rule 32 review on or before February 14, 2003.  Accordingly,

15   his conviction became final on February 14, 2003 upon the expiration of the time for seeking

16   review in a Rule 32 of-right proceeding.  Summers, ___ F.3d___, 2007 WL 738447, * 1.

17   Accordingly, the AEDPA limitations period commenced on February 15, 2003 and expired on

18   February 15, 2004.  Petitioner did not file his pending § 2254 petition until May 25, 2006.

19   (docket # 1) Accordingly, absent tolling, it is untimely.

20       **B. Tolling the Limitations Period**

21       **1. Statutory Tolling**

22       Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a

23   "*properly filed* application for State post-conviction or other collateral review with respect to

24   the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2)(emphasis added); Nino

25   v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)(stating that an application for collateral review

26   is pending in State court for "all the time during which a state prisoner is attempting, through

27

28
                                          - 5 -

proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.")

Petitioner filed a notice of post-conviction relief in state court on February 14, 2005, a year after the limitations period had expired.   Because Petitioner's notice of post-conviction review was filed after the limitations period expired, it could not toll the limitations period. Section 2244(d)(2) cannot "revive 'the limitation period (i.e. restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  Once the limitation period is expired, collateral petitions can no longer serve to avoid a statute of limitation.'" Johnson v. Galaza, No. C 00-0450 CRB (PR), 2001 W.L. 125312, * 1 (N.D.Ca., Feb. 7, 2001)(quoting Rashia v. Kuhlman, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)).

Moreover, the trial court rejected Petitioner's notice of Rule 32 review as untimely and, therefore, it was not properly filed and could not have tolled the AEDPA limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Satterfield v. Johnson, 434 F.3d 185, 192 (3rd Cir. 2006)(noting that "the Court in Pace made clear that a petition ruled untimely by a state court cannot be 'properly filed' even if some judicial review is necessary to determine if the filing condition, or an exception to it, is met.")  The Supreme Court has held that "when a petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414-17(holding that "time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's [petition for post-conviction relief] as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).")  Because Petitioner's February 14, 2005 notice of post-conviction relief did not toll the AEDPA limitations period which had previously expired in February of 2004, Petitioner's pending Petition is untimely absent equitable tolling.

## 2.  Equitable Tolling

The Ninth Circuit recognizes that the § 2244(d) limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. Calderon (Beeler), 128 F.3d at 1288.  Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control

1   make it impossible to file a petition on time." Id.; see also, Miranda v. Castro, 292 F.3d 1063,

2   1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable tolling [under

3   AEDPA] is very high, lest the exceptions swallow the rule.")(citations omitted); Spitsyn v.

4   Moore, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's lack

5   of diligence, account for the failure to file a timely claim, equitable tolling of the statute of

6   limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The

7   prisoner must show that the "extraordinary circumstances were the but-for and proximate cause

8   of his untimeliness." Allen v. Lewis, 255 F.3d 798, 799 (9th Cir. 2001)(internal quotation

9   marks and citations omitted).  The extraordinary circumstances requirement is a "high hurdle,"

10  see Calderon (Beeler), 128 F.3d at 1289, and policy considerations counsel against equitable

11  tolling.  Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980).   A petitioner seeking equitable

12  tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2)

13  that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

14          As a general matter, Petitioner's status as a prison inmate does not constitute an

15  extraordinary circumstance beyond his control warranting the tolling of the one-year limitations

16  period.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Likewise, Petitioner's lack of

17  familiarity with the law and lack of legal assistance do not toll the limitations period.  Rasberry

18  v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Hughes v. Idaho State Board of Corrections, 800

19  F.2d 905, 909 (9th Cir. 1986)(finding that a *pro se* prisoner's illiteracy was not sufficient to

20  satisfy the standard of an objective, external factor amounting to "cause" for purposes of

21  avoiding the procedural bar on his habeas claim); see also, Lewis v. Casey, 518 U.S. 343, 351

22  (1996)(holding that there is no "freestanding right to a law library or legal assistance.")

23          Petitioner has failed to present any circumstances that would justify equitably tolling the

24  AEDPA statute of limitations.  Accordingly, his § 2254 Petition should be denied as untimely.

25  **II.  Conclusion**

26          In summary, because Petitioner's Petition is untimely and Petitioner has not established

27  any basis for equitably tolling the AEDPA limitations period, the Petition should be denied.

28                                              - 7 -

1    Accordingly,

2        IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus

3    pursuant to 28 U.S.C. § 2254 (docket # 1) be **DENIED**.

4        This recommendation is not an order that is immediately appealable to the Ninth Circuit

5    Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate

6    Procedure, should not be filed until entry of the District Court's judgment.  The parties shall

7    have ten days from the date of service of a copy of this recommendation within which to file

8    specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),

9    Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a

10   response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and

11   Recommendation may result in the acceptance of the Report and Recommendation by the

12   District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121

13   (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate

14   Judge will be considered a waiver of a party's right to appellate review of the findings of fact

15   in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule

16   72, Federal Rules of Civil Procedure.

17       DATED this 16th day of April, 2007.

18

19

20

21                Lawrence O. Anderson
22                United States Magistrate Judge

23

24

25

26

27

28                          - 8 -